### HENRY HUGHES *v.* W. H. WHEELER.

Under the old system, if the declaration is *in case*, and it does not further
appear whether the action is in tort or contract, it will be regarded as
ambiguous or doubtful pleading.

Where the defendant understood the action to be *in tort*, and the plain-
tiff did not disclaim it, but offered evidence to establish a breach of
contract, such action cannot be sustained.

This was an action on the case brought under the old system,
tried before *Henry, J.,* at Fall Term, 1870, of FORSYTH
Superior Court.

The plaintiff upon the trial offered in evidence a note execu-
ted by the defendant to plaintiff in which the defendant promis-
ed to deliver the plaintiff a quantity of wheat ; and claimed dam-
ages for the non delivery of the wheat in accordance with said
contract.   Plea. general issue.   There was no declaration in
writing, and only a statement that the plaintiff declared *in case.*
The defendant asked the Court to charge the jury that the action
could not be sustained, and that plaintiff should have declared
in *assumpsit.*   His Honor held that the action was properly
brought, to which defendant excepted.   Verdict for plaintiff.
Rule, &c.   Judgment, and appeal by the defendant.

*T. J. Wilson,* for defendant.
*Masten* and *Blackmer & McCorkle,* contra.

READE, J. The declaration is in case, the action having been
commenced under the old system, but it does not appear
whether in tort or contract.   This is what is called " ambiguous
or doubtful pleading," and therefore bad, 1 Chitty Pl, 271.

The defendant took the objection that the action would not
lie.   From this it would seem that he understood the declara-
tion to be in tort, and the plaintiff did not disclaim it.   In

answer to the objection his Honor held that the " action would lie."

But still it does not appear, except by inference, and from that obscurely, whether the action is founded in tort or contract.

If in tort it is misconceived. Case, nothing more appearing, is generally understood to be in tort. 1 Chitty Pl. 151.

For the error in this particular there must be a *venire de novo,* which is to be regretted, as the merits seem to be with the plaintiff.

The bad pleading however is his own fault.